[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a personal injury action which arises out of an incident which occurred on October 6, 1999. The plaintiff, Jean Richardson, claims that she was injured by the negligence of the defendants. This negligence, the plaintiff claims, caused her to collide with a door in a CVS store, which collision she claims caused her to sustain injuries. The defendants, Guilford CVS, Inc[1]., deny the allegations of negligence and assert the special defense of contributory negligence. After a court-side trial in this matter, the court enters judgment for the defendant after finding the following facts.
The court finds the following facts to be proven:
 1. On October 6, 1999, the plaintiff entered the CVS store located in Guilford, at 1057 Boston Post Road in the afternoon.
 2. The door on the left-side of the second set of doors (hereinafter referred to as "the non-functioning door), at the rear entrance, was malfunctioning: it would not open.
 3. The door on the right-side of the second set of doors at the rear entrance opened properly throughout October 6, 1999.
 4. Employees of the defendant learned of this malfunction in the morning of October 6, 1999 before the store opened for business.
 5. The assistant manager of CVS ordered that a sign be placed on the door warning that it was out of service.
 6. The assistant manager placed a call to have the door repaired on the morning of October 6, 1999.
7. Employee (s) of the defendant posted on the non-functioning door a sign indicating that the door was out of service at 8:00 a.m. CT Page 14044
8. The posted sign stated: "This door is not opening."
 9. The sign that the door was out of service remained on the door for the entire day.
 10. The plaintiff pushed the non-functioning door when she attempted to enter the store.
11. The plaintiff ran into the non-functioning door.
 12. The plaintiff sustained bruises and contusions to her nose as a result of the contact with the non-functioning door.
In her complaint, the plaintiff claims that the defendant was negligent in a number of ways: in causing or allowing and permitting the broken entrance door to be and remain in a hazardous, unsafe and dangerous condition; in causing or allowing and permitting the broken entrance door to be and remain in the condition when the same was hazardous and dangerous to the plaintiff and others using said sidewalk; in maintaining the broken entrance in the aforesaid conditions; in failing to warn the plaintiff of the aforesaid hazardous conditions; in failing to repair or remedy the conditions when the same were reasonably necessary under the circumstances; in failing to make proper and reasonable inspection of the broken entrance door; and in failing to erect warning signs and/or barricades to warn the plaintiff and others using said broken entrance door of the hazardous condition existing thereupon.
This court finds that the plaintiff did not prove, by a preponderance of the evidence that the defendant was negligent in any of the ways alleged. The fact that one of the entrance doors was not opening properly does not necessitate a finding of negligence. There were other entrances available to the public throughout the day in question. The defendant posted a warning about the door, which warning remained posted the entire day. The plaintiff, apparently, did not see the sign. These facts do not support a finding of negligence.
Even if this court found that proof of the fact that the door did not properly open was sufficient to sustain the plaintiffs burden, the defendant would still be entitled to a verdict on its Special Defense alleging contributory negligence. The defendant fairly established, by a preponderance of the evidence, that the plaintiff, herself, was negligent in failing to maintain a reasonable and proper lookout; in failing to be watchful of her surroundings; in failing to reasonably exercise her faculties and senses; and in failing to exercise reasonable care for her CT Page 14045 own safety. This negligence was more than fifty percent (50%) responsible for causing the plaintiffs injuries. Therefore, even if the court concluded that the plaintiff had proven at least one allegation of negligence, the plaintiff is barred from recovering by her own contributory negligence.
For the above stated reasons, this court enters judgment for the defendant.
 ___________________ Robinson-Thomas, J